UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

       Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

       Relief Defendants.
_____/

### JUDGMENT AGAINST DEFENDANT 1 GLOBAL CAPITAL LLC AND RELIEF DEFENDANT 1 WEST CAPITAL LLC

THIS CAUSE is before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for Judgment ("Judgment") Against Defendant 1 Global Capital LLC ("1 Global") and Relief Defendant 1 West Capital LLC ("1 West") (collectively the "Debtors"), ECF No. [116]. By the Consent of 1 Global and 1 West to Judgment ("Consent"), ECF No. [116-1], without admitting or denying the allegations of the Amended Complaint (except that they admit the jurisdiction of this Court over them and over the subject matter of this action), subject to bankruptcy court approval in the Debtors' pending Chapter 11 Bankruptcy Case (Case No. 18-1921-RBR (Bankr. S.D. Fla.), the "Bankruptcy Case"), which has been so approved, the

Debtors have entered a general appearance, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. The Court finds that good cause exists for entry of the Judgment. Having considered the Motion, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiff Securities and Exchange Commission's Unopposed Motion for Judgment Against Defendant 1 Global Capital LLC and Relief Defendant 1 West Capital LLC, **ECF No. [116]**, is **GRANTED** as set forth below.

## I.

## PERMANENT INJUNCTIVE RELIEF

### A. Section 5 of the Securities Act of 1933 ("Securities Act")

1 Global is permanently restrained and enjoined from violating Section 5 of the Securities Act (15 U.S.C. § 77e) by, directly or indirectly, in the absence of any Applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement

has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

### B. Section 17(a) of the Securities Act

1 Global is permanently restrained and enjoined from violating Section 17(a) of the Securities Act (15 U.S.C. §§ 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

## C.   Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")

1 Global is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

4

(E) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

### D. Section 15(a) of the Exchange Act

1 Global is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, [15 U.S.C. § 78o(a)], by using the mails or other means or instrumentalities of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being associated with a broker or dealer that was registered with the Commission in accordance with Section 15(b) of the Exchange Act (15 U.S.C. §78o(b)).

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) 1 Global's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with 1 Global or with anyone described in (a).

## II.

### MONETARY RELIEF

Upon motion of the Commission, if any, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest on disgorgement against the Debtors and a civil penalty against 1 Global, and if so, the amount of the disgorgement and prejudgment interest against the Debtors and the amount of any civil penalty against 1 Global. If disgorgement is ordered, the Debtors shall pay, subject to an order of the bankruptcy court, prejudgment interest on disgorgement, calculated as starting from July 28,

2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement or a civil penalty, and at any hearing held on such a motion: (i) the Debtors will be precluded from arguing that 1 Global did not violate the federal securities laws as alleged in the Amended Complaint; (ii) the Debtors may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

The Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and the Debtors shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and the Debtors in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances,

subject to any necessary approvals or orders of the Bankruptcy Court. The Bankruptcy Court shall continue to maintain jurisdiction over all such matters over which the Bankruptcy Court has jurisdiction in the Bankruptcy Case.

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Judgment is entered as set forth above.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record