# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.
_____/

## ORDER GRANTING RECEIVER'S SECOND APPLICATION
## FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES

**THIS CAUSE** is before the Court upon the Receiver's Second Application for Allowance and Payment of Fees and Expenses, ECF No. [175] ("Second Application"), filed on April 5, 2019. The Second Application seeks an award of legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver by: (1) Nelson Mullins Broad and Cassel ("NMBC") for work performed by the Receiver and his counsel and (2) Kapila Mukamal ("Kapila"), the Receiver's accountants. No objections to the Second Application are before the Court, nor have any requests for extensions been filed, and the time has now passed for any such objections.

Case No. 18-cv-61991-BLOOM/Valle

The Second Application covers work performed from November 13, 2018 through February 28, 2019. It seeks approval of a total award of $624,175.10. The Receiver, NMBC, and Kapila have agreed to a 30% hold back of their professional fees. Taking into account the 30% hold back, the Second Application requests authorization for a payment of (a) $366,479.75 in legal fees and $2,614.30 in costs, totaling $369,094.05 to NMBC, for work performed and costs incurred by the Receiver and his counsel; and (b) $68,331.83 in professional fees and $401.40 in costs, totaling $68,733.23 to Kapila, the Receiver's accountants.

The Court has reviewed the fee application and billing information submitted in support thereof. The Court has considered: (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *See In re Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988). In light of these factors, The Court finds that that the time spent during this billing period is reasonable and approves of the hourly rates charged. Therefore, the Court concludes that the amounts sought in the Second Application represent reasonable compensation for actual and necessary services rendered and expenses incurred on the Receiver's behalf.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 18-cv-61991-BLOOM/Valle

1. The Receiver's Second Application for Allowance and Payment of Fees and Expenses, **ECF No. [175]** is **GRANTED**.

2. The Court approves the total award sought in the Second Application of $624,175.10, and given the 30% hold backs agreed to by the Receiver, authorizing the payment of: (a) $366,479.75 in legal fees and $2,614.30 in costs, totaling $369,094.05 to NMBC, for work performed and costs incurred by the Receiver and his counsel; and (b) $68,331.83 in professional fees and $401.40 in costs, totaling $68,733.23 to Kapila, the Receiver's accountants.

3. The Receiver may make all payments described in this Order from the bank accounts he maintains for the Receivership Entities.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record