UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion to Strike Defendant Carl Ruderman's ("Ruderman") First Through Third Affirmative Defenses, ECF No. [177] (the "Motion"). The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On August 23, 2018, the SEC filed its Complaint, ECF No. [1], against Defendants 1 Global Capital LLC, Ruderman, and Relief Defendants. The SEC filed an Amended

Complaint on September 26, 2018, asserting claims for Violations of Section 5(a) and 5(c) of the Securities Act (Count I), Violations of Section 17(a)(1) of the Securities Act (Count II), Violations Of Section 17(a)(2) of the Securities Act (Count III), Violations of Section 17(a)(3) of the Securities Act (Count IV), Violations Of Section 10(b) and Rule 10b-5(a) of the Exchange Act (Count V), Violations Of Section 10(b) and Rule 10b-5(b) of the Exchange Act (Count VI), Violations Of Section 10(b) and Rule 10b-5(c) of the Exchange Act (Count VII), Aiding and Abetting 1 Global's Violations Of Section 10(b) and Rule 10b-5 of the Exchange Act (Count VIII), Section 20(a) of the Exchange Act – Control Person Liability (Count IX), and Violations of Section 15(a) of the Exchange Act (Count X).[1]  *See* ECF No. [79].

Ruderman filed a Motion to Dismiss the Amended Complaint on November 2, 2018. ECF No. [103] ("Motion to Dismiss"). Ruderman argued that the SEC does not have enforcement authority to bring this suit because the Memorandum of Indebtedness ("MOI") — the note or contract between 1 Global and noteholders — is not a security given that it falls squarely inside the list of non-securities enumerated in the Supreme Court's decision of *Reves v. Ernst & Young,* 494 U.S. 56 (1990). In the alternative, Ruderman argued that the MOI falls under the express statutory exemption in the Exchange Act and the registration requirement of the Securities Act for notes not exceeding nine months in duration. Lastly, Ruderman argued that SEC is not authorized to seek disgorgement as a remedy in this action. On February 8, 2019, the Court denied the Motion to Dismiss. ECF No. [155]. Ruderman filed his Amended Answer and Affirmative

---

[1] Judgment was entered against 1 Global Capital LLC on November 28, 2018. *See* ECF No. [117].

Defenses to Amended Complaint, ECF No. [176], on April 5, 2019. The SEC now moves to strike three of Ruderman's four affirmative defenses.

## II.     LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)[2]); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319; *see also* Fed. R. Civ. P. 12(f). "Courts have

---

[2] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See*, *e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503 at *1.

The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162 at *2 ("Whereas

[Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe*

*Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

### III. DISCUSSION

#### A. First and Second Affirmative Defenses

Ruderman asserts in his First Affirmative Defense that disgorgement is not a valid remedy. The First Affirmative Defense states in full that

> SEC disgorgement is not authorized by statute and is not within the scope of the court's equitable powers. The SEC has authority to seek disgorgement only if disgorgement is an equitable remedy. The Supreme Court's recent decision in *Kokesh v. S.E.C.*, 137 S.Ct. 1635 (2017) found that SEC disgorgement was a penalty, which is not an equitable remedy

ECF No. [176] at 15.

Ruderman's Second Affirmative Defense provides:

> The SEC's claims are barred because the MOIs at issue are not securities because they fall squarely within the list of non-securities enumerated in *Reves v. Ernst & Young,* 494 U.S. 56, 63 (1990). The notes were secured by a lien on small business assets and an assignment of small business accounts receivable. Indeed, as the loan documents reflect, 1 Global loaned money to small businesses when they assigned their future accounts receivables and signed security agreements pledging their assets and the business itself as security for the loans. Likewise, the MOIs are exempt as securities under the express language of the Exchange Act (15 U.S.C. § 78c(a)(10)) and from the registration requirement under the Securities Act (15 U.S.C. § 77b(a)(1)). This is because the notes did not exceed nine months in duration and therefore qualify as "short-term" notes for purposes of the statutory exemptions.

ECF No. [176] at 15-16.

The SEC moves to strike Ruderman's First and Second Affirmative Defenses because the Court already rejected these arguments in its Order on Ruderman's Motion to Dismiss. *See* ECF No. [177] at 3-4. In response, Ruderman concedes that the Court has

already denied his Motion to Dismiss based upon these defenses. Nevertheless, Ruderman argues that a court's inquiry on a motion to strike under Rule 12(f) should end once it determines that the affirmative defenses asserted relate to the case and do not prejudice the SEC. The SEC further asserts that the First Affirmative Defense raises a disputed question of law and the Second Affirmative Defense raises disputed issues of fact and law which cannot be decided on a motion to strike.

As an initial matter, the SEC is correct that the Court may strike an affirmative defense where that the issue has already been ruled upon at the motion to dismiss stage. *See, e.g.*, *Luxottica Group v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1375-76 (N.D. Ga. 2016); *United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4-5 (D.D.C. 2015); *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 WL 1755214 at *3-4 (E.D. Pa. April 24, 2013). More specifically, "an affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *F.T.C. v. N. E. Telecommunications, Ltd.*, No. 96-cv-6081, 1997 WL 599357, at *2 (S.D. Fla. June 23, 1997) (quoting *Equal Employment Opportunity Commission v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir.1980)).

Regarding the First Affirmative Defense, the Court has already concluded that it retains equitable power to order disgorgement in SEC enforcement actions, such as this case. Thus, contrary to Ruderman's contention, no disputed issue remains. The First Affirmative Defense is legally insufficient and is therefore stricken.

Ruderman's Second Affirmative Defense consists of two arguments: (1) the MOIs at issue are not securities because they fall squarely within the list of non-securities

enumerated in *Reves* and (2) the MOIs are exempt as securities under 15 U.S.C. § 78c(a)(10) and from the registration requirement under 15 U.S.C. § 77b(a)(1) because the notes did not exceed nine months in duration and therefore qualify as "short-term" notes for purposes of the statutory exemptions. For the reasons that follow, the SEC's Motion is granted as to the first argument and denied as to the second argument.

With respect to the first argument, this Court already found, based on the allegations in the Amended Complaint and a review of an exemplar MOI, that the MOIs did not fall squarely within the list of non-securities in *Reves*. The list of non-securities includes, in pertinent part, short-term notes secured by a lien on a small business or some of its assets and short-terms notes secured by an assignment of accounts receivable. Holding that the MOIs did not fall squarely on this list, this Court explained that the MOIs "were not secured by *a* lien on *a* small business or some of *its* assets, nor were they secured by *an* assignment of accounts receivable. Rather, funds tendered under MOIs were used to fund numerous MCAs so that each noteholder obtained a small, fractionalized interest in up to hundreds of MCAs." ECF No. [155] at 10 (emphasis in original). Although Ruderman contends that factual issues remain in dispute, he admits in his Amended Answer and Affirmative Defenses to Amended Complaint that "[r]ather than use investor funds on a single MCA or a small number of MCAs, the Company gave each investor a small, fractionalized interest in up to hundreds of MCAs." ECF No. [176] ¶ 56. In light of this admission, it is undisputed that the MOIs were not secured by a lien on a small business or some of its assets or as an assignment of accounts receivable. Accordingly, to the extent that the Second Affirmative Defense contends that the MOIs fall squarely within the list of non-securities enumerated in *Reves*, it is legally insufficient.

Regarding the second argument, the Court explained in its Order on the Motion to Dismiss that "[t]he exemption applies only to notes that can be characterized as commercial in nature rather than as an investment." ECF No. [155] at 15; *see also Bellah v. First Nat. Bank of Hereford, Tex.*, 495 F.2d 1109, 1111 (5th Cir. 1974) (courts "have deemed notes with maturity dates not exceeding nine months to be subject to the Securities Exchange Act of 1934 where the notes constituted investment paper, not commercial paper.") (internal citations omitted). Accepting the SEC's allegations as true and drawing all reasonable inferences in favor of the SEC, the Court determined that the MOIs were investments rather than commercial in nature. The Court inferred from the language in the MOIs permitting 1 Global to use noteholder funds to "expand its current business activities" that noteholders sought to profit from the success of 1 Global's business, not merely from the repayment of loans. However, at this stage, the Court cannot conclude that the SEC would succeed despite any set of facts which could be proven in support of this defense. For that reason, Defendant's Motion is denied as to the defense that the MOIs are exempt as securities under 15 U.S.C. § 78c(a) (10) and from the registration requirement under 15 U.S.C. § 77b(a)(1).

## B. Third Affirmative Defense

The SEC moves to strike Ruderman's Third Affirmative Defense — Good Faith as to Counts I – VIII and X.[3] The Third Affirmative Defense provides that

> The SEC's claims are barred as Ruderman acted in good faith at all times relevant to the Amended Complaint. As 1 Global's chairman and CEO, Ruderman exercised reasonable business judgment in the administration of his job responsibilities. Ruderman also hired competent personnel to administer, manage and provide advice on 1 Global's business operations to assist him in making reasonable and informed decisions in his capacity

---

[3] Ruderman withdrew his good faith defense to Counts I and X. *See* ECF No. [184] at 7 n.1.

as CEO. Such personnel prepared key 1 Global documents, marketing materials, and financial reports, which Ruderman reasonably relied upon. Based on these and other actions, Ruderman acted in good faith and with due regard to the best interests of 1 Global and its lenders.

The SEC contends that good faith is not a proper affirmative defense because it is a denial of the mental-state elements of the SEC's claims. Additionally, the SEC argues that the Third Affirmative Defense is vague and conclusory and does not provide sufficient notice to the SEC, particularly given that Ruderman has asserted his Fifth Amendment privilege in response to an interrogatory seeking the factual basis for this defense. Ruderman responds that if the Court determines that the Third Affirmative Defense is only a specific denial of scienter, the proper remedy is to treat it as a specific denial. Ruderman also argues that the affirmative defense need only provide notice of the defense asserted and the grounds upon which it rests.

First, the Court holds that the Third Affirmative Defense is indeed an affirmative defense. In the context of a securities enforcement action brought by the SEC, the Eleventh Circuit has stated that the "affirmative defense for reliance-on-professional-advice requires that Defendants establish that (1) they fully disclosed all relevant facts to the expert and (2) that [they] relied in good faith on the expert's advice." *SEC v. Bankatlantic Bancorp, Inc.*, 661 F. App'x 629, 637 (11th Cir. 2016) (alteration in original) (quotation omitted). Moreover, [t]he burden to demonstrate good faith reliance-on-professional-advice lies with the defendant." *Id.* As such, Ruderman's Third Affirmative Defense is not merely a denial of the scienter requirement of the SEC's claims.

Second, concerning the sufficiency of pleading the Third Affirmative Defense, Ruderman need not show that he is entitled to the relief. However, he must provide the SEC sufficient notice for the SEC to be prepared to properly litigate the issue. Through

that lens, the Court finds that the Third Affirmative Defense provides the SEC with sufficient notice to survive a motion to strike. That Ruderman has asserted his Fifth Amendment privilege in response to an interrogatory regarding this affirmative defense has no bearing on the sufficiency of the pleading. *See SEC. v. Monterosso*, 746 F. Supp. 2d 1253, 1264 (S.D. Fla. 2010) (finding that the imposition of adverse inferences based upon defendant's invocation of his Fifth Amendment privilege is far more appropriate than striking affirmative defenses).

## IV. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** as follows:

1. The SEC's Motion, **ECF No. [177]**, is **GRANTED in part** and **DENIED in part**.
2. Ruderman's First Affirmative Defense is **STRICKEN**.
3. Ruderman's Second Affirmative Defense is **STRICKEN** to the extent that Ruderman contends that the SEC's claims are barred because the MOIs at issue are not securities because they fall squarely within the list of non-securities enumerated in *Reves v. Ernst & Young,* 494 U.S. 56, 63 (1990).
4. Ruderman's Third Affirmative Defense is **STRICKEN** as to Counts I and X based upon Ruderman's withdrawal. *See* ECF No. [184].

**DONE AND ORDERED** in Chambers at Miami, Florida on May 23, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record