UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,
v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.
                                                    /

## ORDER

**THIS CAUSE** is before the Court upon Western Alliance Bank's ("WAB") Motion for Comfort Order Authorizing Retention of Portion of Cash Collateral Pending Ruling, ECF No. [192] ("Motion for Comfort Order"). WAB filed the Motion for Comfort Order on May 29, 2019. The Receiver filed a Response, ECF No. [201], to which WAB filed a Reply, ECF No. [206]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The Court assumes familiarity with the case history and will not recount the entirety of the dispute between WAB and the Receiver. Of relevance to the instant Motion is that on September

21, 2018, WAB filed a motion seeking acknowledgment of WAB's right to terminate its banking relationship with Bright Smile. ECF No. [77] ("Motion to Terminate"). In the Motion to Terminate, WAB requested that the Court allow WAB to maintain an ACH collateral hold on Bright Smile's funds for a period of up to 90 days after the Banking Agreement's termination ("the 90-Day Period") to protect WAB from the risk of loss due to consumer ACH returns. *See* ECF No. [77] at 8. In its Reply in Support of the Motion to Terminate, WAB argued for the first time that it is entitled to utilize its cash collateral for reimbursement of its attorneys' fees incurred in enforcing its rights under the Banking Agreements. *See* ECF No. [153] at 6.

On February 20, 2019, the Court granted in part and denied in part the Motion to Terminate. ECF No. [162] (the "Order"). The Order required Bright Smile to transfer its ACH processing out of WAB by February 28, 2019, as was agreed to by the Receiver and WAB. *Id.* at 7. The Court further Ordered that WAB may continue to hold the approximately $3,000,000.00 cash collateral during the 90-Day Period. *Id.* Pursuant to the Order, WAB would be permitted to withdraw funds from Bright Smile's Operating Account as reimbursement for consumer chargebacks during the 90-Day Period. *Id.* To the extent that the funds in the operating account were insufficient to cover consumer chargebacks, funds in the amount of $500,000.00 would be unfrozen for the ***sole purpose*** of reimbursing WAB for said consumer chargebacks. At the end of the 90-Day Period, WAB would be permitted to draw from the $500,000.00 of unfrozen collateral to cover any deficiency in reimbursing chargebacks. *Id.* As to potential WAB attorneys' fees, the Court stated that WAB may seek attorneys' fees by separate Motion to the Court, providing the legal basis for its claim to attorneys' fees, including citation to the provisions of the Banking Agreements that permit attorneys' fees and a demonstration of reasonableness of said fees. *Id.* at 8.

On April 29, 2019, WAB filed a Verified Motion to Offset Cash Collateral to Recover its Attorneys' Fees. ECF No. [181]. WAB sought to recover $303,656.07 in attorneys' fees and costs. *Id.* On June 6, 2019, the Receiver filed a Verified Motion for Attorney's Fees and Costs, ECF No. [198]. In an effort to resolve the competing disputes, the Court Ordered WAB and the Receiver to attend mediation on their respective motions for attorneys' fees. ECF No. [195]. That mediation is scheduled to take place on August 23, 2019. ECF No. [208].

According to the instant Motion, upon the conclusion of the 90-Day Period, WAB transferred all funds in Bright Smile's operating account and $2,517,463.12 of the funds in Bright Smile's collateral account to the Receiver but continued to hold $500,000.00. WAB seeks a comfort order allowing it to continue to hold the $500,000.00 to ensure the collectability of any fee award the Court may grant to WAB. In the Motion and Reply, WAB contends that it is simply seeking to maintain the "*status quo*" pending the resolution of its motion for attorneys' fees. WAB further argues that insofar as the Order contemplates that WAB would file a motion for attorneys' fees, it is reasonable to presume that the Court contemplated that the cash collateral might be used to reimburse WAB's fees and costs. In its Response, the Receiver argues that by unilaterally deciding to hold (and refusing to turnover) $500,000.00 following the 90-Day Period, WAB violated the Order. The Receiver contends that the Motion is an improper motion for reconsideration of the Order. Additionally, the Receiver counters that WAB does not cite any authority to support its position that it is entitled to hold the funds merely because it has a pending motion for attorneys' fees.

The Court agrees with the Receiver. The terms of the Order are clear. WAB was only permitted to hold the $3,000,000.00 cash collateral during the 90-Day Period and could only draw from the $500,000.00 of unfrozen collateral to cover any deficiency in reimbursing chargebacks.

WAB is admittedly holding $500,000.00 in funds for the purpose of reimbursing itself for claimed attorneys' fees and costs, not consumer chargebacks. WAB cites no law that would allow it to circumvent the Court's Order. Instead, WAB repeatedly appeals to a preference for maintaining the *status quo*, but the Court sees no benefit in preserving a *status quo* that is violative of the Court's own Order.

The Court rejects WAB's contention that because the Order permits WAB to file a motion for attorneys' fees, it is reasonable to presume that the Court contemplated that the cash collateral might be used to reimburse WAB's fees and costs. The Order leaves no room for interpretation, and the Court declines WAB's invitation to fashion a result that is inconsistent with the Order's express terms. The Order provides that WAB may seek to recover its attorneys' fees by motion and notes that WAB did not waive its right to seek attorney's fees. Certainly, WAB's ability to seek attorneys' fees does not permit it to hold funds pending resolution of its motion for attorneys' fees. The reason the Court chose to address the issue of attorneys' fees in the Order was because WAB argued for the first time in its Reply that it was entitled to utilize its cash collateral for reimbursement of its attorneys' fees incurred in enforcing its rights under the Banking Agreements. ECF No. [153] at 5-6. In a Sur-Reply, the Receiver countered that by failing to make or reserve a claim for attorneys' fees in its Motion to Terminate, WAB "waived any claim for entitlement to attorney's fees against the Receiver, to be paid out of the [WAB] accounts…" ECF No. [158] at 3. Due to WAB and the Receiver's briefing, the Order addressed the issue of waiver of attorneys' fees but did not permit WAB to hold funds after the 90-Day Period for reimbursement of attorneys' fees and costs.

The Court recognizes that WAB requested in its motion for attorneys' fees that the Freeze Order remain in full force and effect as to the collateral until the Court rules on WAB's motion for

attorneys' fees. However, that request is not a proper method for seeking reconsideration of the Court's Order, which as discussed above, did not allow WAB to hold the cash collateral after the 90-Day Period for reimbursement of WAB's attorneys' fees. WAB is not excused from complying with the Order merely because it requested in its motion for attorneys' fees that the freeze order remain in effect.

Finally, the Court is unpersuaded by WAB's argument that the balance of the respective prejudice to WAB and the Receiver warrants granting the Motion. WAB contends that it would suffer great prejudice by the loss of its perfected security interest in the disputed funds if the Motion is denied. But WAB has failed to demonstrate that it in fact has a perfected security interest in the remaining collateral for the purpose of the payment of attorneys' fees. Even assuming that WAB is at risk of losing perfection of a security interest, the Court does not find that such risk is a sufficient basis for granting a comfort order permitting WAB's violation of the Order.

Accordingly, it is **ORDERED AND ADJUDGED** that WAB's Motion, **ECF No. [192]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record