UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.
_____/

## FINAL JUDGMENT AGAINST DEEFENDANT CARL RUDERMAN

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's Unopposed Motion for a Final Judgment Against Defendant Carl Ruderman, ECF No. [220], (the "Motion"). By the Consent of Defendant Carl Ruderman to Final Judgment annexed hereto, without admitting or denying the allegations of the Amended Complaint (except that Ruderman admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Ruderman has entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [220]**, is **GRANTED** as set forth below.

## I.

## PERMANENT INJUNCTIVE RELIEF

### A. Section 5 of the Securities Act of 1933 ("Securities Act")

Ruderman is permanently restrained and enjoined from violating Section 5 of the Securities Act (15 U.S.C. § 77e) by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Ruderman's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ruderman or with anyone described in (a).

### B. Section 17(a) of the Securities Act

Ruderman is permanently restrained and enjoined from violating Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Ruderman's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ruderman or with anyone described in (a).

**C.  Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

Ruderman is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person, or

(E) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Ruderman's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ruderman or with anyone described in (a).

### D. Section 15(a) of the Exchange Act

Ruderman is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, [15 U.S.C. § 78o(a)], by using the mails or other means or instrumentalities of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being associated with a broker or dealer that was registered with the Commission in accordance with Section 15(b) of the Exchange Act (15 U.S.C. §78o(b)).

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Ruderman's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Ruderman or with anyone described in (a).

## II.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

Ruderman is liable to the Commission for disgorgement of $32,587,166, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest on disgorgement of $1,517,273.00, and a civil penalty of $15,000,000.00 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, for a total of $49,104,439.00.

Ruderman shall partially satisfy the disgorgement and prejudgment interest payments due to the Commission within 30 days of entry of this Final Judgment by disgorging the following assets to the Commission or its designee:

(i) $4,951.63.00, representing the full amount now held in the Bank of America account in Ruderman's name ending in 6994;

(ii) $541,071.00 from the Annuity, Contract Number ending in 9843, held with the Lincoln

      Financial Group; and

(iii) $67,800.00 each in accounts ending in 0565, 0566, and 0567 held at UBS Group AG (for a total of $203,400.00 from the three accounts).

Upon receipt of this Final Judgment, Bank of America, the Lincoln Financial Group, and UBS Group AG shall each cooperate fully and take all necessary steps to expeditiously turn over the funds in the accounts set forth in (i), (ii), and (iii) above to the Commission or its designee directly, or, where necessary, to Ruderman, whereupon Ruderman shall promptly turn over the funds to the Commission.

Ruderman shall further partially satisfy the Final Judgment by agreeing to disgorge to the Commission or its designee 50 percent of any equity remaining in his condominium located at 20165 Northeast 39th Place, #TS-01, Aventura, Florida, 33180, Miami-Dade Office of the Property Appraiser Folio 28-1235-076-0450 ("Condominium"), upon sale of the Condominium as set forth below (after satisfaction of the mortgage and condominium association and any related fees).

To effectuate the sale of the Condominium, Ruderman shall select a real estate agent within 14 days of entry of this Final Judgment, subject to the approval of the Commission. Such agent shall have exclusive listing for the property for six months from the date of selection. The list price of the house shall be subject to the approval of Ruderman and the Commission. Such agent shall promptly transmit any and all offers for the property to Ruderman and the Commission. Ruderman shall cooperate fully in the showing and sale of the Condominium by properly maintaining the property, executing all necessary documents, and not unreasonably withholding his consent to showing or any reasonable offer to buy the Condominium. If the Commission and Ruderman disagree on whether to accept an offer for the condominium, the parties shall within three business days of a dispute telephonically mediate the dispute with Harry Schafer, Esq., as the mediator. If the parties do not resolve the dispute with Mr. Schafer, they may request a ruling

from the District Court on the following briefing schedule: the party seeking approval of the sale must file a motion within three business days.  The opposing party has three business days to respond, and the moving party has two business days to reply.  If the real estate agent has not obtained a contract for sale of the condominium within six months from the date of selection, the Commission shall have the right to name its own real estate agent to continue sales efforts. Ruderman shall vacate the Condominium premises no later than the closing date of any sale, and shall pay 50 percent of the equity directly to the Commission or its designee upon the closing of any sale.

Ruderman shall satisfy the remainder of his disgorgement, prejudgment interest, and civil penalty obligation by paying it to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

 Ruderman may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Ruderman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Carl Ruderman as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Ruderman shall simultaneously transmit photocopies of evidence of payment and case

7

identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Ruderman relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Ruderman shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Ruderman shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Ruderman's payment of a civil penalty in this action ("Penalty

Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Ruderman shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Ruderman by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## III.

## INCORPORATION OF CONSENT

The Consent of Ruderman to Final Judgment, ECF No. [220-2], is incorporated herein with the same force and effect as if fully set forth herein, and Ruderman shall comply with all of the undertakings and agreements set forth therein.

## IV.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and over Ruderman in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances. The Court shall also retain jurisdiction for the purpose of ruling on any motions for attorneys' fees or costs. Finally, the Court shall retain jurisdiction for the purpose of ruling on any motion relating to the Receiver's duties and obligations under the Receivership Order, ECF No. [12].

Case No. 18-cv-61991-BLOOM/Valle

## V.

## BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Ruderman, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Ruderman under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ruderman of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

## ASSET FREEZE

Upon receipt of the payments set forth in Section II (i), (ii), and (iii), the Commission shall within five business days notify the Court and submit an agreed order lifting and extinguishing in its entirety the Asset Freeze this Court previously entered against Ruderman ECF Nos. [13] and [74], **EXCEPT** as to the Condominium identified in Section II.  The freeze shall remain in effect as to the Condominium until the time of sale, subject to the provisions in Section II whereby Ruderman is permitted to take certain steps in furtherance of the sale of the condominium.

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

Case No. 18-cv-61991-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida on August 12, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record