UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61991-BB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

1 GLOBAL CAPITAL LLC, and
CARL RUDERMAN,

    Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

    Relief Defendants.

_____/

## RECEIVER'S FOURTH STATUS REPORT

Jon A. Sale, not individually, but solely in his capacity as the Court-appointed receiver (the "Receiver") for Bright Smile Financing, LLC ("Bright Smile"); BRR Block Inc. ("BRR Block"); Digi South LLC ("Digi South"); Ganador Enterprises, LLC ("Ganador"); Media Pay LLC ("Media Pay"); Pay Now Direct LLC ("Pay Now"); the Ruderman Family Trust; and the Bright Smile Trust (the "Receivership Entities"), respectfully submits this Fourth Status Report covering the period of July 11, 2019 through November 4, 2019 (the "Reporting Period").

1

## I. INTRODUCTION

The Receiver and his professionals achieved significant results for the benefit of the Receivership Estate during the Reporting Period by recovering hundreds of thousands of dollars in connection with the previously-reported-upon sale of Bright Smile's assets and settlement of claims related to Ganador. In addition, among other things, the Receiver: (1) resolved litigation with Bridge Bank regarding reciprocal requests for an award of attorneys' fees; (2) investigated and filed clawback (fraudulent transfer) actions against several non-parties; and (3) took additional steps toward liquidation of the Receivership's crypto currency holdings.

## II. RECEIVER'S APPOINTMENT AND DUTIES

On August 23, 2018, the United States Securities & Exchange Commission ("SEC") initiated this action against Defendants 1 Global Capital, LLC ("1 Global") and Carl Ruderman, and Relief Defendants 1 West Capital LLC ("1 West"), Bright Smile, BRR Block, Ganador, Media Pay, Pay Now, and the Ruderman Family Trust. [D.E. 1]. The SEC alleges that Defendants engaged in a four-year long unregistered securities fraud totaling more than $287 million, victimizing thousands of investors nationwide. *Id.*, ¶ 1. The SEC seeks, among other relief, permanent injunctive relief, civil penalties, and disgorgement. *Id.*, pp. 33-34. The same day, the SEC requested an asset freeze and the appointment of a receiver over Relief Defendants Bright Smile, BRR Block, Digi South, Ganador, Media Pay, and Pay Now. [D.E. 6; D.E. 7]. The Court entered a sealed order appointing Jon A. Sale, Esq. as Receiver for the Receivership Entities (the "Receivership Order").[1] [D.E. 12]. The Court also entered an order freezing Defendants' assets (the "Freeze Order"). [D.E. 13].

---

[1] The Court later expanded the Receivership over the Ruderman Family Trust and the Bright Smile Trust, on November 21, 2018, and the Receivership Order is controlling over them as well. [D.E. 115.]

Pursuant to the Receivership Order, the Receiver is obligated to, among other things: (i) take immediate possession of the Receivership Entities' property, assets, and estates of every kind; and (ii) investigate the way the affairs of the Receivership Entities were conducted and institute actions and proceedings for the benefit of investors and other creditors. [D.E. 12, ¶¶ 1-2].

The Receivership Order requires the Receiver to prepare quarterly status reports. [D.E. 12, ¶ 3]. This Fourth Report summarizes the Receiver's and his professionals' relevant activities during the Reporting Period.

### III.   ACTIVITY DURING REPORTING PERIOD

On July 16, 2019, the Receiver filed his Third Status Report with this Court, which covered the period of March 1, 2019 through July 10, 2019. [D.E. 213]. In it, the Receiver explained the results he and his team of retained professionals achieved in connection with: (1) the sale of certain Bright Smile's assets; (2) the settlement of claims held by Ganador; and (3) the conflict with Bridge Bank regarding Bright Smile's ongoing operations and related accounts.

In this Fourth Status Report, the Receiver addresses similar issues, including recoveries in connection with the sale of Bright Smile assets and the settlement of claims held relating to Ganador, as well as the resolution of litigation with Bridge Bank. The Receiver also addresses the status of his clawback investigation, the filing of clawback claims against certain targets, the liquidation of the Receivership's crypto currency holdings, the anticipated claims process, and general maintenance of the Receivership Estate.

####    A.   Recoveries Related to Bright Smile Asset Sale

As previously reported, on January 17, 2019, the Receiver and specified third parties ("Buyers") agreed to and finalized the Purchase and Sale Agreement memorializing the terms of sale of certain of Bright Smile's assets to Buyers (the "PSA"), subject to Court approval. On

January 21, 2019, the Receiver filed his Motion to Approve Bright Smile Asset Sale and Purchase Agreement (the "Motion for Approval"), [D.E. 132], attaching a copy of the PSA. In the Motion for Approval the Receiver set forth the essential terms of the sale of certain of Bright Smile's assets to Buyers, as memorialized in the PSA, including:[2]

- Buyers agreed to pay the Receiver a total purchase price of $3 million, to be paid as follows:
    - $150,000 deposit upon execution of PSA and filing of the Motion for Approval, to be released at closing;
    - A minimum of $900,000 on closing paid towards the purchase of the loan portfolio; and
    - The remaining $1,950,000[3] to be paid towards the purchase of the loan portfolio over 14 months;
- If a release from 1 Global is not received within 90 days of January 17, 2019, the purchase price is reduced by $250,000, accomplished by reducing and eliminating payments owed over the 14 months; and
- Bright Smile's assets were sold "as is/where is" without any representations, warranties, or covenants made by the Receiver or his professionals.[4]

After the Receiver spent significant time and money dealing with Bridge Bank's objection to the sale, [*see* D.E. 172, pp. 6-7], the Court entered an order approving the sale to Buyers (the "Approval Order") on February 20, 2019. [D.E. 162]. The Receiver and Buyers closed on the

---

[2] The following is only a summary of the salient terms of the PSA. Additional terms are described in the Motion for Approval and the PSA itself.

[3] $1,950,00 was calculated based upon a $3 million purchase price minus a deposit of $150,000 and the payment of $900,000 at closing. Any additional funds over the $900,000 received by the Receiver at closing reduced the purchase price dollar for dollar, as reflected in the amended payment schedule filed with the Court on March 7, 2019. [D.E. 168].

[4] The Receiver came to no conclusions as to the validity or enforceability of the loan portfolio.

4

transaction two days later, on February 22, 2019. The Receiver filed a notice alerting the Court to the closing on February 25, 2019.[5] [D.E. 166].

Buyers complied with the PSA and made payments as scheduled. On February 26, 2019, one day after the closing, $996,053.97 of the expected $3 million purchase price was transferred to Bright Smile's Receivership bank account at BankUnited. After that, Buyers made all monthly payments due under the PSA.

On October 4, 2019, Buyer's counsel expressed potential desire to pay off the balance due under the PSA by November 1, 2019. The parties, through their respective counsel, worked collaboratively to put logistics in place for the payoff. Thereafter, on November 1, 2019, Buyers paid the entire balance due under the PSA without any reduction. As of the date of this Status Report, the Receiver has recovered the full amount owed by Buyers under the PSA,[6] in addition to the approximately $3,018,000.00 Bridge Bank was holding in connection with its clearing services on behalf of Bright Smile.

B.  Recoveries Related to Ganador Settlement

As previously reported, on December 10, 2018, the Receiver agreed to and finalized a written settlement agreement (the "Ganador Settlement") with Unified Analytics, LLC ("Unified") and National Techmark Inc. ("Techmark"), subject to Court approval. On December 12, 2018, the Receiver filed his Motion to Approve the Ganador Settlement (the "Ganador Motion"), [D.E. 120],

---

[5] As noted, the Receiver and Buyers entered into the Second Amendment to the PSA on March 7, 2019, which made a minor modification to the payment schedule. [D.E. 168].

[6] Because 1 Global refused to provide the release in favor of the Buyers, the purchase price was reduced by $250,000, to $2,750,000.

5

including a copy of the Ganador Settlement. In the Ganador Motion, the Receiver set forth the essential terms of the Ganador Settlement, including among other things:[7]

- Total payment to the Receiver of $4,000,000;

- $750,000 paid by Unified and Techmark "up front";

- The remaining $3,250,000 to be paid within 13 months, with monthly interest payments of $20,312.50 paid during the interim;

- The Receiver received a blanket security interest in Unified and Techmark's assets to secure their payment;

- In the event of default, Unified and Techmark receive 5 days' written notice to cure; and

- If Unified and Techmark fail to satisfy any default within 5 days, Unified and Techmark consent to entry of an order expanding the Receivership over them, and the Receiver may seek recourse in the collateral provided by the security interests.

On December 27, 2018, the Court entered its order approving the Ganador Settlement. [D.E. 124].

To date, Unified and Techmark have complied with the Ganador Settlement and made payments required thereunder. The first interest payment of $20,312.50 was made to the Receiver on February 26, 2019. The $750,000 "up front" payment was made to the Receiver on March 21, 2019, and additional interest payments, each in the amount of $20,312.50, were made to the Receiver on March 29, 2019, April 29, 2019, May 23, 2019, June 27, July 26, August 28, September 26, 2019, and October 30, 2019. In total, the Receiver has recovered for the benefit of the Receivership Estate approximately $933,000.00 in connection with the Ganador Settlement.

---

[7] The following is only a summary of the salient terms of the Ganador Settlement. Additional terms are described in the Ganador Motion and Ganador Settlement itself.

C. <u>Litigation with Bridge Bank</u>

The Receiver's Second and Third Status Reports describe the history of the Receiver's conflicts with Bridge Bank. [D.E. 172, pp. 8-10; D.E. 213, pp. 7-9].

On August 23, 2019, at the request of the SEC, the Receiver and Bridge Bank attended mediation before Harry R. Schafer on their reciprocal claims for attorneys' fees and costs. The Receiver and Bridge Bank resolved their claims at the mediation. Mr. Schafer filed a mediation report on August 27, 2019, indicating that the parties had settled in full. [D.E. 233].

On August 30, 2019, the Receiver filed a motion for approval of the mediation settlement agreement with Bridge Bank, in which the Receiver explained his rationale for settling and the benefits of the settlement to the Receivership Estate. [D.E. 235]. The Court approved the settlement agreement the same day. [D.E. 236]. On October 11, 2019, Receiver tendered the agreed upon settlement amount of $150,000 to Bridge Bank.

D. <u>Clawback Litigation</u>

The Receiver continues to obtain and review documents received from non-parties to analyze and investigate potential sources of recovery, including clawback (fraudulent transfer) claims. To date, tens of thousands of documents have been produced in response to the Receiver's formal and informal requests for documents, all of which the Receiver's professionals are in the process of reviewing and analyzing.

On August 20, 2019, the Receiver filed a motion for Court approval to retain Damian Valori LLP ("Damian Valori") *nunc pro tunc* as its contingency counsel in connection with several clawback lawsuits, [D.E. 227]. On August 21, 2019, the Court approved the Receiver's retention of Damian Valori [D.E. 228].

On August 23, 2019, Damian Valori, on behalf of the Receiver, filed seven lawsuits against defendants that received funds from the Receivership Entities (the "Clawback Actions"), including: (1) Bank of America, N.A., for recovery of $343,584.79; (2) J.P. Morgan Chase Bank, N.A., for recovery of $64,744.33; (3) J.P. Morgan Chase Bank, N.A., for recovery of $1,055,437.80; (4) Citibank, N.A., for recovery of $63,103.47; (5) Mercedes Benz Financial Services, USA, LLC, for recovery of $87,266.19; (6) American Express Company, for recovery of $2,766,939.45; and (7) Ferrari Financial Services Inc., for recovery of $65,467.92. The Clawback Actions are in the initial stages. Several defendants have sought extensions of time to respond.

In addition, rather than initiating litigation, where available the Receiver entered into tolling agreements with approximately 16 other entities/individuals to give the parties the opportunity to further investigate and discuss a resolution of potential claims relating to transfers these individuals and entities received from the Receivership Entities (collectively the "Tolled Entities"). The total amount of funds transferred by the Receivership Entities to the Tolled Entities is approximately $6.2 million. The Receiver's counsel is actively engaged in settlement discussions with several of the Tolled Entities. Regarding other Tolled Entities, the Receiver is still determining the viability of potential litigation given cost-benefit analysis and other factors.

E.  Liquidation of Crypto Currency Holdings

BRR Block's funds were used, in part, to purchase numerous digital currencies (*i.e.*, crypto currencies). BRR Block's digital currency holdings include mainstream coins, such as Bitcoin and Ethereum, and other illiquid, exotic coins. To assist with the liquidation of the crypto holdings, the Receiver retained a digital currency consultant, Marshall Swatt.

In his motion to retain Mr. Swatt, the Receiver provided Mr. Swatt's qualifications and an explanation of his expected tasks. [D.E. 239]. The Court approved Mr. Swatt's retainer on October 15, 2019. [D.E. 240]. Mr. Swatt will work with the Receiver's professionals and other third parties to strategically liquidate the digital currency holdings, converting them into U.S. dollars.

To facilitate the liquidation, the Receiver created an account at Coinbase. Coinbase is a large, well-known, and respected digital currency exchange based in the United States. All the digital currency holdings, under Mr. Swatt's guidance and implemented strategies, will be converted to Bitcoin or Ethereum and then transferred to the Receivership's Coinbase account. From there, the Receiver will convert the Bitcoin and Ethereum to U.S. dollars and transfer the proceeds to the BRR Block Receivership account at BankUnited.

The Receiver anticipates that under the current liquidation strategy, the process will be completed in the next 1-2 months.

  F. <u>Anticipated Claims Process and 1 Global Bankruptcy</u>

The Receiver intends to initiate the claims process by filing a motion for approval of a claims process with the Court in November 2019. At this time, the Receiver anticipates that 1 Global will be the largest creditor and will account for over 90% of total claims. Nonetheless, the Receiver intends to recommend that the Court authorize him to follow practices regularly used for receiverships of this nature to ensure that potential claimants receive fair notice and an opportunity to submit claims and be heard on objections filed by the Receiver, if any.

## IV. BANK ACCOUNTS

In connection with his duty to marshal the Receivership's assets, the Receiver opened Receivership bank accounts at BankUnited. The following is a list of bank accounts and their corresponding balances:[8]

| | |
|---|---|
| Jon Sale as Receiver for Bright Smile Financing, LLC | $5,145,660.75 |
| Jon Sale as Receiver for Ganador Enterprises LLC | $932,433.75 |
| Jon Sale as Receiver for BRR Block Inc. | $300,614.99 |
| Jon Sale as Receiver for Digi South LLC | $153,983.38 |
| **TOTAL** | **$6,532,692.87** |

## V. ASSET IDENTIFICATION

### A. Bright Smile

As explained in the Receiver's prior reports, the Receiver sold Bright Smile's assets to Buyers, which sale was approved by the Court on February 20, 2019. [D.E. 162]. The Receiver has investigated whether there are any additional claims or other sources of recovery available as it relates to Bright Smile. Currently, the Receiver does not believe there are any additional claims or other sources of recover related to Bright Smile.

### B. Ganador

As explained in the Receiver's prior reports, in December 2018, the Receiver settled claims that Ganador had against Unified and Techmark, two entities to which it transferred a total of approximately $5.8 million. The Ganador Settlement was approved by the Court on December 27, 2018. [D.E. 124]. Currently, the Receiver does not believe there are any additional claims or other sources of recovery available related to Ganador.

---

[8] The account balances are as of the afternoon of November 4, 2019.

### C. BRR Block

As explained above, the Receiver is in the process of liquidating the Receivership's digital currency holdings, which were purchased using funds from BRR Block. The Receiver has retained a digital currency consultant to assist with the liquidation, as approved by the Court on October 15, 2019 [D.E. 240]. The Receiver is strategizing with the consultant to determine the most effective means of liquidation. The Receiver anticipates the liquidation will be completed within 1-2 months, unless the current strategy changes due to market conditions or other contingencies.

### D. Digi South

The Receiver's professionals continue to investigate Digi South to locate other possible avenues of recovery for the benefit of the Receivership Estate. The Receiver has obtained tolling agreements from several entities that received funds from Digi South, which are included within the Tolled Entities. The Receiver believes the decision whether to file actions against these entities will be made within the next several months.

In addition, as described above, the Receiver filed a lawsuit against Ferrari Financial Services, Inc. on August 23, 2019, for recovery of $65,467.92 in fraudulent transfers the Receiver contends it received from Digi South.

### E. Media Pay

The Receiver's professionals continue to investigate Media Pay and review related documents to locate other possible avenues of recovery for the benefit of the Receivership Estate. The Receiver has obtained tolling agreements from several entities that received funds from Media Pay, which are included within the Tolled Entities. The Receiver believes the decision whether to file actions against these entities will be made within the next several months.

### F. Pay Now

As explained in the Receiver's prior reports, there are no remaining assets related to Pay Now. Pay Now never had any business operations and was only used to pay Defendant Ruderman's personal and family expenses including his mortgage and condominium related fees. Pay Now had a bank account at Bank of America, which was closed in early August 2018 before the Receiver's appointment. The bank account contained approximately $2,348.00, which funds were transmitted by 1 Global representatives to the Receiver after the Receiver's appointment. The cash is currently held in a lockbox by the Receiver's counsel. The Receiver will transfer those funds to a Pay Now Receivership account at Bank United once an account is opened.

The Receiver's professionals continue to investigate Pay Now and review related documents to locate other possible avenues of recovery for the benefit of the Receivership Estate, including records made available to the Receiver by 1 Global. The Receiver has obtained tolling agreements from several entities that received funds from Pay Now, which are included within the Tolled Entities. The Receiver believes the decision whether to file actions against these entities will be made within the next several months.

In addition, as described above, on August 23, 2019, the Receiver filed several lawsuits for recovery of funds the Receiver contends were the subject of fraudulent transfers made by Pay Now, including complaints against: (1) Bank of America, N.A., for recovery of $343,584.79; (2) J.P. Morgan Chase Bank, N.A., for recovery of $64,744.33; (3) J.P. Morgan Chase Bank, N.A., for recovery of $1,055,437.80; (4) Citibank, N.A., for recovery of $63,103.47; (5) Mercedes Benz Financial Services, USA, LLC, for recovery of $87,266.19; and (6) American Express Company, for recovery of $2,766,939.45.

### G. The Ruderman Family Trust and Bright Smile Trust

The Receiver's professionals continue to investigate the Ruderman Family Trust and Bright Smile Trust, and to review related documents to locate other possible avenues of recovery for the benefit of the Receivership Estate. The Receiver does not anticipate that this will be a time consuming or expensive process and does not believe that his efforts in this regard will be duplicative of the efforts of the SEC and 1 Global. The Receiver will work with them to avoid duplication of claims and efforts wherever possible. Currently, the Receiver does not believe there are any additional claims or other sources of recovery available as it relates to the Ruderman Family Trust and Bright Smile Trust.

## VI. FEES AND COSTS

The Receiver and his team are especially cognizant of the impact their professional fees have on the return of monies to defrauded investors. The Receiver and his team have worked diligently through complex issues to maximize recoveries while billing at substantially discounted rates. In addition, the Receiver has sought to work collaboratively with the SEC and 1 Global in sharing information, identifying recovery sources and targets, and reducing duplication of efforts. Thus far, the Receiver has utilized his and his team's collective experience to avoid costly litigation while also securing cash recoveries. In certain instances where litigation has become necessary, the Receiver has obtained counsel to pursue those claims under a contingency fee agreement, where such counsel only receives payment for fees if there is a recovery to the Receivership Estate.

## CONCLUSION

The foregoing is a summary of the Receiver's and his retained professionals' activities during the Reporting Period. Further information is available upon request. The Receiver will be filing additional reports with the Court on a quarterly basis, as required by the Receivership Order.

Dated: November 7, 2019.

                          NELSON MULLINS BROAD AND CASSEL
                          Attorneys for Receiver
                          One Biscayne Tower, 21st Floor
                          2 S. Biscayne Boulevard
                          Miami, FL  33131
                          Telephone: 305.373.9400
                          Facsimile: 305.995.6449

                          By:   s/Daniel S. Newman
                                 Daniel S. Newman
                                 Florida Bar No. 0962767
                                 Gary Freedman
                                 Florida Bar No. 727260
                                 Christopher Cavallo
                                 Florida Bar No. 0092305

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/Daniel S. Newman
                                                        Daniel Newman

## SERVICE LIST

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**<br>Miami Regional Office<br>801 Brickell Avenue, Suite 1800<br>Miami, Florida 33131<br>Robert K. Levenson<br>Chris Martin<br>Senior Trial Counsel<br>levensonr@sec.gov<br>martinc@sec.gov<br>Telephone: 305.982.6300<br>Facsimile: 305.536.4154 | **MARCUS NEIMAN & RASHBAUM LLP**<br>2 South Biscayne Boulevard<br>Suite 1750<br>Miami, Florida 33131<br>Jeff Marcus<br>jmarcus@mnrlawfirm.com<br>Telephone: 305.400.4262<br>*Attorneys for Defendant Carl Ruderman* |
| **GREENBERG TRAURIG, LLP**<br>333 S.E. 2nd Ave., Suite 4400<br>Miami, FL 33131<br>Paul J. Keenan Jr.<br>keenanp@gtlaw.com<br>Telephone: 305.579.0500<br>*Attorneys for Defendant 1 Global Capital, LLC and Relief Defendant 1 West Capital, LLC* | |