UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,
v.

1 GLOBAL CAPITAL LLC and
CARL RUDERMAN,

        Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

        Relief Defendants.
_____/

**ORDER GRANTING RECEIVER'S FIFTH APPLICATION
FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES**

**THIS CAUSE** is before the Court upon the Receiver's Fifth Application for Allowance and Payment of Fees and Expenses, ECF No. [253] ("Fifth Application"), filed on April 1, 2020. The Fifth Application seeks an award of legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered by (1) Nelson Mullins Broad and Cassel ("NMBC") for work performed by the Receiver and his counsel; (2) Kapila Mukamal ("Kapila"), the Receiver's accountants; (3) Damian & Valori LLP ("Damian & Valori"), the Receiver's counsel in certain litigation asserting fraudulent transfer claims; and (4) Marshall Swatt, the Receiver's cryptocurrency consultant. The Securities and Exchange Commission

("SEC") does not object to the payment of fees and costs sought in the Fifth Application. Further, no other objections were filed within the time required to do so, which has now expired, nor has the Court received any requests for extensions of time within which to file such objections.

The Fifth Application covers work performed from October 1, 2019, through March 20, 2020. It seeks approval of a total award in the amount of $170,207.88. This total award is comprised of the following amounts: (a) $152,710.99 in legal fees and costs to NMBC for work performed and costs incurred by the Receiver and his counsel; (b) $12,808.49 in professional fees and costs to Kapila, the Receiver's accountants; (c) $188.40 in costs to Damian & Valori, the Receiver's counsel in certain litigation asserting fraudulent transfer claims; and (d) $4,500.00 in professional fees to Marshall Swatt, the Receiver's cryptocurrency consultant. The Receiver, NMBC, and Kapila have agreed to a 20% hold back of their professional fees. Taking into account the 20% hold back of professional fees, the Fifth Application seeks approval for disbursements in the amounts of $122,584.69 to the Receiver and his counsel, $10,260.29 to Kapila, $188.40 to Damian & Valori, and $4,500.00 to Marshall Swatt.

The Court has reviewed the fee application and the supporting billing information. Moreover, the Court has considered the relevant factors for making a determination on an award of attorneys' fees incurred during a receivership — namely, (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *In re Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In light of these factors, the Court finds that the time spent during this billing period is reasonable and approves of the hourly rates charged. Therefore, the Court concludes that the amounts sought in the Fifth Application represent reasonable compensation for actual and necessary services rendered and expenses incurred on the Receiver's behalf.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Receiver's Fifth Application for Allowance and Payment of Fees and Expenses, **ECF No. [253]**, is **GRANTED**.

2. The Court approves the total award sought in the Fifth Application of $170,207.88, and, based on discussions between the SEC and the Receiver relating to holdbacks, authorizes the payment of: (a) $120,505.20 in legal fees and $2,079.49 in costs, totaling $122,584.69 to Nelson Mullins Broad and Cassel, for work performed and costs incurred by the Receiver and his counsel, a portion of which will be paid directly to Sale Weintraub, P.A. for the Receiver; (b) $10,192.80 in professional fees and $67.49 in costs, totaling $10,260.29 to Kapila Mukamal, the Receiver's accountants; (c) $188.40 in costs to Damian & Valori LLP; and (d) $4,500.00 in professional fees to Marshall Swatt, the Receiver's cryptocurrency consultant.

3. The Receiver may make all payments described in this Order from the bank accounts maintained for the Receivership Entities.

Case No. 18-cv-61991-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 16, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record