UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

1 GLOBAL CAPITAL LLC and
CARL RUDERMAN,

    Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

    Relief Defendants.
_____/

## ORDER GRANTING RECEIVER'S EIGHTH APPLICATION
## FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES

**THIS CAUSE** is before the Court upon the Receiver's Eighth Application for Allowance and Payment of Fees and Expenses, ECF No. [310] ("Eighth Application"), filed on April 18, 2022. The Eighth Application seeks an award of legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered by (1) Nelson Mullins Broad and Cassel ("NMBC") for work performed by the Receiver and his counsel; and (2) Kapila Mukamal ("Kapila"), the Receiver's accountants. The Securities and Exchange Commission ("SEC") does not object to the payment of fees and costs sought in the Eighth Application. Further,

no other objections were filed within the time required to do so, which has now expired, nor has the Court received any requests for extensions of time within which to file such objections.

The Eighth Application covers work performed from April 1, 2021 through February 28, 2022. *See* ECF No. [310] at 1-2. It seeks approval of a total award in the amount of $211,389.27. This total award is comprised of the following amounts: (a) $155,047.20 in legal fees and $2,045.16 in costs, totaling $157,092.36 to Nelson Mullins, for work performed and costs incurred by the Receiver and his counsel, a portion of which will be paid directly to Sale Weintraub, P.A. for the Receiver; and (b) $12,199.20 in professional fees and $286.11 in costs, totaling $12,485.31 to Kapila Mukamal, the Receiver's accountants.

The Court has reviewed the fee application and the supporting billing information. Moreover, the Court has considered the relevant factors for making a determination on an award of attorneys' fees incurred during a receivership — namely, (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *In re Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In light of these factors, the Court finds that the time spent during this billing period is reasonable and approves the hourly rates charged. Therefore, the Court

concludes that the amounts sought in the Eighth Application represent reasonable compensation for actual and necessary services rendered and expenses incurred on the Receiver's behalf.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Receiver's Eighth Application for Allowance and Payment of Fees and Expenses, **ECF No. [310]**, is **GRANTED**.

2. The Court approves the total award sought in the Eighth Application of $211,389.27, and, based on discussions between the SEC and the Receiver relating to holdbacks, authorizes the payment of: (a) $155,047.20 in legal fees and $2,045.16 in costs, totaling $157,092.36 to Nelson Mullins, for work performed and costs incurred by the Receiver and his counsel, a portion of which will be paid directly to Sale Weintraub, P.A. for the Receiver; and (b) $12,199.20 in professional fees and $286.11 in costs, totaling $12,485.31 to Kapila Mukamal, the Receiver's accountants.

3. The Receiver may make all payments described in this Order from the bank accounts maintained for the Receivership Entities.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record