UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61991-BLOOM/Valle

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,
v.

1 GLOBAL CAPITAL LLC and
CARL RUDERMAN,

    Defendants, and

1 WEST CAPITAL LLC,
BRIGHT SMILE FINANCING, LLC,
BRR BLOCK INC.,
DIGI SOUTH, LLC,
GANADOR ENTERPRISES, LLC,
MEDIA PAY LLC,
PAY NOW DIRECT LLC, and
RUDERMAN FAMILY TRUST,

    Relief Defendants.
_____/

**ORDER GRANTING RECEIVER'S NINTH APPLICATION
FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES**

**THIS CAUSE** is before the Court upon the Receiver's Ninth Application for Allowance and Payment of Fees and Expenses, ECF No. [317] ("Ninth Application"), filed on November 8, 2022. The Ninth Application seeks an award of legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered by (1) Nelson Mullins for work performed by the Receiver and his counsel; and (2) Kapila Mukamal ("Kapila"), the Receiver's accountants. The Receiver also seeks payment of 73% of the Holdback Fees previously approved by the Court but not yet paid. The Receiver has agreed to forego payment of the remaining 27% of the Holdback Fees for the benefit of the Receivership Estate. On November 10,

2022, the Securities and Exchange Commission ("SEC") filed its Response, ECF No. [319], in which the SEC supports the Receiver's requests for the payment of fees and costs sought in the Ninth Application.

The Ninth Application covers work performed from March 1, 2022, through October 15, 2022. *See* ECF No. [317] at 1-2. It seeks approval of a total award in the amount of $65,053.02. This total award is comprised of the following amounts: (a) $56,119.56 in legal fees and costs to Nelson Mullins, for work performed and costs incurred by the Receiver and his counsel, a portion of which will be paid directly to Sale Weintraub, P.A. for the Receiver; and (b) $8,933.46, in professional fees and costs to Kapila Mukamal, the Receiver's accountants.

The Court has reviewed the fee application and the supporting billing information. Moreover, the Court has considered the relevant factors for making a determination on an award of attorneys' fees incurred during a receivership — namely: (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *In re Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). In light of those factors, the Court finds that the time spent during this billing period is reasonable and approves the hourly rates charged. Therefore, the Court

concludes that the amounts sought in the Ninth Application represent reasonable compensation for actual and necessary services rendered and expenses incurred on the Receiver's behalf.

The SEC also supports the Receiver's request for the payment of 73% of the Holdback Fees previously approved by the Court, but not yet paid. The Court approves the Receiver's request for 73% of the Holdback Fees amounting to $344,123.40.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Receiver's Ninth Application for Allowance and Payment of Fees and Expenses, **ECF No. [317]**, is **GRANTED**.

2. The Court approves the total award sought in the Ninth Application of $65,053.02, and authorizes the payment of: (a) $56,119.56 in legal fees and costs to Nelson Mullins, for work performed and costs incurred by the Receiver and his counsel, a portion of which will be paid directly to Sale Weintraub, P.A. for the Receiver; and (b) $8,933.46, in professional fees and costs to Kapila Mukamal, the Receiver's accountants.

3. The Court authorizes the payment of 73% of the Holdback Fees, a total of $344,123.40, including $305,249.10 to be paid to Nelson and Mullins for Receiver and his Counsel, and $38,874.30 to be paid to Kapila Mukamal, the Receiver's accountants.

4. The Receiver may make all payments described in this Order from the bank accounts maintained for the Receivership Entities.

Case No. 18-cv-61991-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record